**Victor AGUIRRE, et al.,**

v.

**ISC CONSTRUCTORS, LLC f/k/a Industrial Specialty Contractors.**

**CASE NO. 1:14–CV–67**

United States District Court,
E.D. Texas, Beaumont Division.

. Signed September 29, 2014

Filed September 30, 2014

John Gerard Werner, Reaud Morgan & Quinn LLP, Mark William Frasher, Mark Frasher, Attorney at Law, PC, Beaumont, TX, for Victor Aguirre.

George Phillip Shuler, III, Sarah Voorhies Myers, Chaffe McCall LLP, New Orleans, LA, for ISC Constructors, LLC f/k/a Industrial Specialty Contractors.

### *ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

RON CLARK, United States District Judge

The court referred this case to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. The magistrate judge submitted a report and recommendation on the defendant's pending motions to dismiss and/or quash summons. Judge Giblin recommended that the Court grant two of the motions to dismiss and order the plaintiffs to file an amended pleading within ten days. He also recommended that the Court grant the third motion to dismiss and dismiss 25 of the plaintiffs' claims without prejudice.

The defendant timely filed objections to the magistrate judge's Report and Recommendation. The Court accordingly conducted a *de novo* review of the objections, the pleadings, the record, and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). After careful consideration, the Court concludes that the objections should be overruled.

Defendant's objections generally argue that the magistrate judge misapplied Fifth Circuit precedent governing the factors to consider in determining whether to dismiss the plaintiffs' claims. *See Objections* [Doc. # 28], at pp. 2–6. Defendant argues that Fifth Circuit precedent does not require the analysis of the "aggravating factors" utilized by Judge Giblin in his report. *See Objections,* at p. 2; *Report*, at 13–16. A review of the report and recommendation, however, shows that Judge Giblin properly considered the governing precedent in reaching his decision.

■ Judge Giblin cited Fifth Circuit precedent for the proposition that dismissals with prejudice as a sanction for a delay in service are generally only affirmed upon a finding of at least one of three aggravating factors: (1) the delay was caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, and (3) the delay was caused by intentional conduct. *See Report,* at pp. 13 (citing *Coleman v. Sweetin,* 745 F.3d 756, 766 n. 9 (5th Cir.2014) and *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir.1986)). This Court's review of the applicable case law shows that Judge Giblin's analysis was correct. The Fifth Circuit has repeatedly held that dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Millan v. USAA GIC,* 546 F.3d 321, 326 (5th Cir.2008) (quoting *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir.1980)). Consequently, the Fifth Circuit has limited district courts' discretion to dismiss claims with prejudice. *Id.* Citing *Price,* 792 F.2d at 474. A district court's "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff'

exists and a 'lesser sanction would not better serve the interests of justice.' " *Id.* Quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir.1981). Additionally, as stated above, where the Fifth Circuit has affirmed dismissals with prejudice, it has generally found at least one of the three aggravating factors stated above. *Id.*

The magistrate judge conducted a detailed analysis, applying the legal standards outlined above. Judge Giblin concluded that while the plaintiffs' actions in failing to properly serve the defendant represented a clear record of delay, he found that none of the aggravating factors existed to support a dismissal with prejudice under the circumstances. *See Report,* at pp. 14–16. Defendant objects by stating that "the aggravating factors of delay caused by 'intentional conduct' and 'actual prejudice' are not subjective, colloquial terms; rather, they are legal terms that courts (including the Fifth Circuit) have specifically construed." *See Objections,* at p. 3. As cited by the defendant, the Fifth Circuit has indeed stated that aggravating factors must "usually" be found; but it has not stated that they must "always" be found to affirm dismissal with prejudice. *See Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 418 (5th Cir.2006). At the same time, such a sanction is reserved for the most egregious of cases, *usually* where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors. *Id.* at n. 4 (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir.1982) (emphasis in original).

After a review of the report, the Court disagrees with the defendant's characterization of the magistrate judge's findings. Judge Giblin specifically addressed the aggravating factors and concluded that they were not present. Defendant points to no precedent for its contention that the magistrate judge treated those aggravating factors as "subjective, colloquial terms." The record reveals that Judge Giblin throughly reviewed and considered the complicated procedural history and the record giving rise to the defendant's motions before conducting his analysis. *See Report,* at pp. 2–12. Judge Giblin also discussed the prejudice to ISC caused by plaintiffs' delay in service, but he found several means by which that prejudice could be alleviated. *See Report,* at p. 16. In its objections, ISC reiterates its argument that it will be prejudiced by being forced to conduct discovery after a year of active discovery with other defendants has taken place. *See Objections,* at pp. 6–7. However, the Court is unpersuaded that Judge Giblin's specific proposals for curing that prejudice in this case are insufficient. The Court also notes that the claims against ISC have been severed and consolidated into this new case number, separate from the plaintiffs' claims against numerous other defendants, which alleviates ISC's concerns about "belated participation" and being late to the litigation while other defendants have had the opportunity to engage in discovery. *See Objections,* at p. 7.

ISC also argues that it will suffer severe and actual prejudice if the plaintiffs are allowed to proceed on claims which may have otherwise been extinguished by statute of limitations issues. *See Objections,* at p. 6. ISC argues that "jurisprudence is clear that the only equitable remedy in these circumstances is dismissal." *Id.* However, after a *de novo* review, the Court concludes that the situation in this case does not rise to the necessary level of egregiousness warranting dismissal of the plaintiffs' claims in their entirety, with prejudice, as more fully discussed by Judge Giblin in his report and dictated by the case law cited herein. Judge Giblin

considered the proper factors and conducted an exhaustive review of the facts and procedural history in this case before making his recommendation. The undersigned agrees with his conclusions.

Therefore, the Court **ORDERS** that the defendant's Objections [Doc. # 28] are **OVERRULED.** The Court concludes that the magistrate judge's findings of fact and conclusions of law of are correct. The Report and Recommendation [Doc. # 27] is, therefore, **ADOPTED.** Based on Judge Giblin's recommended disposition, the Court **ORDERS** as follows:

Defendant's Motions to Dismiss and/or Quash [Doc. # 6 and Doc. # 17] are **DENIED** as to the defendant's request that the plaintiffs' claims at issue in those motions be dismissed with prejudice. Pursuant to Judge Giblin's recommendation, the plaintiffs originally asserting claims against defendant ISC Constructors in 1:12–CV–228 and 1:13–CV–414 are **ORDERED** to file an amended pleading within **ten (10) days** of this order. Plaintiffs are directed to review Judge Giblin's directions regarding this amended pleading. *See Report,* at pp. 17–18.

The Court further **ORDERS** that the Motion to Dismiss [Doc. # 20] based on the severed claims of the plaintiffs originally listed in the *Hamilton* case, 1:12–CV–388, is **GRANTED.** The following plaintiffs' claims against ISC are therefore **DISMISSED,** without prejudice:

Victoriano Alonso Jaramillo

Edgar Alberto Cavazos

Patrick Cleal Derry, Jr.

Kevin Allan Dicken,

Fernando Medina Galvan

Miguel Asiel Gonzalez, Jr.

Kevin Zuresh Gonzalez

Mario Omar Gutierrez

Shawn Allen Hamilton

Hector S. Hernandez

Shannon Lucas Howard

Barnie Howell, Jr.

Zachary Scott Hulet

Isaac Joseph Louis, Jr.

Jose Mario Martinez, Jr.

Michael Charles McGallion

Melesio Galvan Medina

Antonio Apolinar Morales, Jr.

Juan Gregorio Ortega

Kuong Minh Pham

Jesus Rodriguez

Jose Luis Rodriguez

Patrick Wade Stout

Sergio Quintanilla Vega

Martin Adrusbel Vela

The Clerk is directed to **TERMINATE** those parties as active plaintiffs from the docket in this cause number.

So **ORDERED** and **SIGNED** this 29 day of **September, 2014.**

### *REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS AND/OR QUASH SUMMONS*

KEITH F. GIBLIN, UNITED STATES MAGISTRATE JUDGE

In accordance with 28 U.S.C. § 636 and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred this matter to the undersigned United States Magistrate Judge for pretrial management. *See Order* (doc. # 22). Pending before this Court for purposes of this report are the various motions to dismiss and/or quash summons (doc. # 6, # 17, # 20) filed by the defendant ISC Constructors, LLC ("ISC" or "defendant").

### I. Background

At the outset, to consider the issues presented by the defendant's motions, the

Court must delve into the significant procedural changes which occurred prior to the opening of this cause number and referral to the undersigned United States Magistrate Judge. The Court must do so in order to discern the facts of the disputes at issue in the motions. In this particular case, the claims asserted by approximately seventy plaintiffs were severed out of three other cases originally assigned to United States District Judge Ron Clark, reopened into this new cause number, and now referred to this Court. *See Armstrong v. A & L Industrial Services et al.*, No. 1:12–CV–228; *Abrego v. A & L Industrial Services, et al.*, No. 1:13–CV–414; *Hamilton v. A & L Services, Inc., et al.*, No. 1:12–CV388; and *Order of Reference in this Case* (doc. # 22).

ISC[1] made a limited special appearance in each case by filing its Motions to Dismiss. In the first two motions (doc. # 6 and doc. # 17), ISC seeks dismissal of all claims asserted against it pursuant to Rules 4(m) and Rule 12(b)(5) of the Federal Rules of Civil Procedure. In the third motion (doc. # 20), ISC seeks dismissal pursuant to Rule 4 and Rule 12(b)(5) and (b)(6).

The substantive claims in this case involve the wages and compensation of construction workers employed by various contractors and subcontractors hired to perform a multi-billion dollar expansion project at the Motiva Enterprises refinery in Port Arthur, Texas. Those disputes have resulted in a patchwork of litigation in the Eastern District of Texas in which numerous employees have sued their employers alleging that certain payment practices violated provisions of the Fair Labor Standards Act (FLSA). One of those employers, ISC, the defendant and movant in this case, defended similar claims in *McCarty v. I.S.C. Constructors, LLC*[2]

On April 11, 2012, the parties in *McCarty* filed a joint motion to stay that case, which Judge Clark granted on April 13, 2012. *See Order* (doc. # 28 in 1:11–CV–323). That stay remained in effect pending the outcome of an appeal to the final judgment in a related FLSA case, *Griffin v. S & B Engineers & Constructors, Ltd.*,[3] which concerned the same issues as *McCarty*. The stay order contained a stipulation that the statute of limitations would be tolled for any unnamed collective action members until the stay was lifted after the final resolution of the *Griffin* appeals, which occurred when the United States Supreme Court denied certiorari on October 7, 2013.[4]

Shortly after the stay was granted, on May 11, 2012, the attorneys representing the *McCarty* plaintiffs filed a new collec-

**1.** As mentioned above, ISC was one of several co-defendants in the original suits filed by the plaintiffs. *See* 1:12–CV–228; 1:12–CV–388, and 1:13–CV–414. Two of the motions (doc. # 6, doc. # 17) now pending in this case were originally docketed in those earlier-filed cause numbers. After the filing of those motions, the District Court entered orders severing out the claims filed against ISC into this separate case and the motions were reopened as pending in the instant cause number, which has since been referred to the undersigned for pretrial management. *See Orders* (doc. # 8, doc. # 9, doc. # 12, doc. # 13, doc. # 22); *see*

*also* 28 U.S.C. § 636(b)(1)(B)(2012); E.D. Tex. R. Cv-72.

**2.** *See McCarty v. I.S.C. Constructors, LLC*, No. 1:11–CV–00323, 2011 WL 9196137 (E.D.Tex. Filed June 30, 2011) (Clark, J.).

**3.** *Griffin v. S & B Engineers & Constructors, Ltd.*, 507 Fed.Appx. 377 (5th Cir.2013), *cert. denied*, —— U.S. ——, 134 S.Ct. 111, 187 L.Ed.2d 35 (2013).

**4.** *Griffin*, 507 Fed.Appx. 377 (5th Cir.2013), *cert. denied*, —— U.S. ——, 134 S.Ct. 111, 187 L.Ed.2d 35 (2013).

tive action lawsuit on behalf of a new set of employees against ISC, however, the original complaint mistakenly named ISC Group, Inc. *See Plaintiffs' Response* (doc. # 197 in 1:12–CV–228), at p. 4. More than five months later on October 17, 2012, the plaintiffs corrected this mistake in their First Amended Complaint in which they named ISC and its registered agent of service correctly. *See Motion* (doc. # 6); *Plaintiff's Response,* at p. 4; *Amended Complaint* (doc. # 92 filed in 1:12–CV–228). In the time period after the original complaint was filed, but prior to the filing of the amended complaint, the District Court issued an Amended Order Governing Proceedings in 1:12–CV–228 which provided for the dismissal of all claims against any defendant who was not served with a copy of the complaint and summons within 120 days of the complaint's filing date. *See Amended Order Governing Proceedings* (doc. # 34 in 1:12–CV–228)

Apparently no other action or communication was directed to the defendant until November 27, 2013, when the plaintiff's requested that the U.S. District Clerk issue a summons for service on the amended complaint. *See Plaintiff's Response,* at p. 5. On December 5, 2013, ISC was served with process, and for the first time placed on notice that it would be required to defend this action. *See Defendant's Motion* (doc. # 6), at p. 2. On December 23, 2013, the defendant entered a limited special appearance in 1:12–CV–228 in which it sought to dismiss the action pursuant to Rule 12(b)(5) for failure to timely effect service of process in violation of Rule 4(m). *See* FED. R. CIV. P. 12(b)(5); FED. R. CIV. P. 4(m). The plaintiffs filed their response in opposition and the defendant filed a reply, which are now before this Court for consideration in this case pursuant to the severance and order of referral.

The issues presented by the defendant's latter-filed motions to dismiss are similar, varying only by dates. On December 23, 2013, ISC filed its motion to dismiss and/or quash summons in 1:13–CV–414, which has now been transferred and reopened as pending in this case (doc. # 17). The record shows that the plaintiffs filed that suit on June 14, 2013, with their original complaint in which "ISC Group, Inc." is named (doc. # 1 in 1:13–CV–414). Plaintiffs then amended their complaint on September 20, 2013 (doc. # 117 in 1:13–CV–414). ISC states that this is the first instance in 1:13–CV–414 that ISC Constructors, LLC, is correctly named, but the plaintiffs failed to serve ISC with a summons and a copy of the pleading until December 3, 2013, when plaintiffs served ISC with summons and the "Third Amended Complaint." *See Motion* (doc. # 17), at p. 2. ISC also contends that the plaintiffs had not been granted leave to file this "Third Amended Complaint" at the time they served ISC with the pleading. *Id.* As in the related motion to dismiss, ISC also notes that in the interim, on July 3, 2013, the Court issued an Order Governing Proceedings in which Judge Clark stated that the claims against any defendant who was not served with a copy of the complaint and summons within 120 days of the complaint's filing date would be dismissed. *See Order Governing Proceedings* (doc. # 5 in 1:13–CV–414), at p. 5. At that time, the original complaint filed on June 14, 2013, was the live complaint and, accordingly, the 120 day deadline for service under the Order Governing Proceedings would have expired on or about October 14, 2013. However, ISC states it was not served with a pleading in 1:13–CV–414 until December 6, 2013, nearly 60 days after the original 120 day deadline set by the Court. It therefore argues that dismissal is warranted because the service of the complaint upon

ISC Constructors is "irreparably untimely." *See Motion* (doc. # 17), at p. 3.

Finally, in the third motion to dismiss (doc. # 20) pending before the Court, ISC seeks dismissal of the plaintiffs' claims in the *Hamilton* case, 1:12–CV–388, which have since been severed into the instant case number. The original complaint in the *Hamilton* case was filed on August 8, 2012 (doc. # 1 in 1:12–CV–388). That pleading names "ISC, LLC" as a defendant with "Catbird, LLC" in Fort Worth, Texas, as its registered agent for service. *Id.* In the motion, ISC argues that it was incorrectly named, it was never served, and Catbird, LLC, has never been its registered agent. *See Motion* (doc. # 20), at p. 2. On September 27, 2013, the Court granted numerous defendants' motions to sever in the *Hamilton* case and, in doing so, directed the plaintiffs to file a spreadsheet designating each plaintiff's respective employer for purposes of aiding the Clerk in opening the new severed cases. *See Order* (doc. # 135 in 1:12–CV–388). ISC contends that in filing the court-ordered spreadsheet, "Plaintiffs inappropriately took the liberty of identifying 'ISC Constructors, L.L.C f/k/a Industrial Specialty Constructors" as the defendant/employer of some 26 plaintiffs—as opposed to naming 'ISC, L.L.C.' the actual party that it sued and (may have) attempted to serve." *See Motion* (doc. # 20), at p. 3. Defendants aver that this resulted in incorrectly naming and serving ISC Constructors through the Court's reassignment order (doc. # 141 in 1:12–CV–388) *"despite having never been named as a defendant in the Hamilton Complaint and never having been served with the Hamilton Complaint." See Motion* (doc. # 20), at p. 3 (emphasis added). ISC further argues that the 120 day deadline for serving it in the *Hamilton* case expired on or about December 8, 2012, more than four-

teen months before ISC filed the instant motion (doc. # 20).

The plaintiffs have responded to all of ISC's motions to dismiss and ISC has filed replies in opposition. The Court has fully reviewed and considered the parties' briefs on the issues presented by ISC. To summarize, ISC urges dismissal based on undisputed delays in effecting service of process which ISC contends violated Rule 4(m) and court orders. ISC further asserts that this has caused it to suffer unreasonable prejudice. The plaintiffs respond that regardless of whether there was good cause for the delay, this Court should extend the time to effect service because the statute of limitations would bar re-filing this suit. Plaintiffs also generally argue that (1) the defendant is unable to show prejudice, (2) good cause exists to support the various delays in service and/or proper pleading, and (3) the harsh circumstance of dismissal is unwarranted under the circumstances and applicable limitations periods. These contentions are addressed in further detail below.

## II. Discussion

Rule 4(m) and Judge Clark's prior Order(s) Governing Proceedings are the starting points for the Court's analysis on the timeliness of the plaintiffs' service on the defendant. Rule 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). In addition, the Court's Amended Order Governing Proceedings provided that:

Any defendant who has not been served the summons and complaint within 120 days after the filing of the complaint shall be dismissed *without further notice*, unless prior to such time the party on whose behalf such service is required shows good cause why service has not been made.

 *See, e.g., Amended Order Governing Proceedings* (doc. # 34 in 1:12–CV–228) (emphasis in original). In the event that a plaintiff fails to meet the rule's time requirement, a district court may either "dismiss the action without prejudice ... or direct that service be effected within a specified time." *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996).

## A. Good Cause

 When a party challenges service of process, the serving party bears the burden of proving good cause for failure to effect timely service. *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.,* 903 F.2d 1011, 1013 (5th Cir.1990) (per curiam). Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo,* 709 F.3d 509, 511 (5th Cir.2013) (citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985)). This standard also normally requires some showing of "good faith" on the plaintiff seeking an extension and some reasonable basis for failing to comply within the time limits. *Id.* If a plaintiff can establish good cause for the delay the court must extend the time for service, however, even when the plaintiff lacks good cause the court still retains its discretionary power to extend the time for service. *Thompson,* 91 F.3d at 21; *Millan v. USAA GIC,* 546 F.3d 321, 325 (5th Cir.2008). This discretion may be

exercised if the applicable statute of limitations would bar refilling the action, the defendant is evading service or has concealed a defect in attempted service. *Millan,* 546 F.3d at 325.

## B. Dismissal with Prejudice

 If the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice. *See Thrasher,* 709 F.3d at 512; *see also Millan,* 546 F.3d at 326. The Fifth Circuit has recognized that dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim. *See Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir.1980). Because of the extreme nature of this sanction, the district court's discretion to dismiss claims with prejudice is limited to situations "where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Thrasher,* 709 F.3d at 513; *Millan,* 546 F.3d at 326 (quoting *Gray v. Fid. Acceptance Corp.,* 634 F.2d 226, 227 (5th Cir.1981)).

 To warrant a dismissal, the delay must be "longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Gray,* 634 F.2d at 226–227; *Thrasher,* 709 F.3d at 513. Additionally, a dismissal with prejudice is generally acceptable when a court finds at least one of three aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan,* 546 F.3d at 326 (quoting *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986)).

## C. Arguments

In support of dismissal, ISC relies on the holding in *Thrasher v. City of Amarillo* affirming the trial court's decision to dismiss the plaintiff's complaint based on a 10–month delay in serving the defendants. *See Thrasher*, 709 F.3d at 512. In contrast, the plaintiffs argue that this Court should exercise its discretion under the holding in *Millan v. USAA*, in which the Fifth Circuit reversed the trial court's decision to dismiss the plaintiff's complaint based on a 4 day delay. *See Millan*, 546 F.3d at 325.

In *Thrasher*, the Fifth Circuit affirmed the district court's conclusion to dismiss with prejudice an action brought by a *pro se* plaintiff who failed to serve the defendants for almost 10 months. *Id.* at 511. Thrasher was initially granted an extension to serve the defendants after the time period for service first expired. *Id.* In response, the plaintiff improperly attempted to personally serve the defendants himself, which led to the court granting an additional 9 day extension. *Id.* He was also informed by the court that he could not rely on the service of process filed against the defendants in a previous suit because the "instant cause is a new case and all defendants must be served." *Id.* When this new deadline expired, the defendants filed a motion to dismiss which went unanswered for more than six months. *Id.* The plaintiff argued that his lack of knowledge of the rules of procedure and his inpatient admission to an out of state treatment facility constituted good cause to explain his delay. *Id.* at 512. The court rejected those arguments finding that even when taking into account his *pro se* status and time spent in treatment, he failed to exercise due diligence during the time available. *Id.* The court noted that his suit was filed ten days before the expiration of the statute of limitations re-

quiring an additional review under a heightened standard. *Id.* at 513. Under that standard, the Court found a clear record of delay punctuated by prolonged periods of inactivity. *Id* The *Thrasher* court ultimately held that the court did not abuse its discretion dismissing his case after the plaintiff failed to meet his initial and extended deadlines, while also failing to respond to the defendants' motion to dismiss. *Id.* at 514.

In *Millan*, however, the Fifth Circuit reversed the trial court's order dismissing the plaintiff's case after finding no clear record of delay or any of the aggravating factors required under the heightened standard. *Id.* at 328. In that case, the *pro se* plaintiff—who was also a practicing attorney—failed in his first two attempts to serve the defendant. *See id.* at 327. The first attempt was made in the correct amount of time; however, the plaintiff incorrectly named the defendant. *Id.* at 324. The trial court noted that the plaintiff failed to serve the defendant and issued an order that appeared to grant the plaintiff an extension. *Id.* Within several weeks, the plaintiff filed an amended complaint naming the correct defendant, however, service was not completed because the proper fee went unpaid. *Id.* The plaintiff eventually timely served the defendant prior to the date set under the trial court's order but four days after the Rule 4(m) deadline. *Id.* The court held that whether good cause existed or not, the court should have used its discretionary power to extend the deadline for service because of the confusion with the conflicting deadlines in the trial court order and Rule 4(m) deadline. *Id.* Additionally, while the court characterized the plaintiff's failure to timely effect service as negligent, it did not rise to the court's interpretation of a "clear record of delay or contumacious conduct." *Id.*

## D. Analysis

As discussed above, in 1:12–CV–228, the plaintiffs filed their original complaint on May 11, 2012, which incorrectly named the defendant. On October 17, 2012, Plaintiffs' First Amended Complaint was filed correctly naming the defendant and identifying their registered agent of process. Once named as a defendant, Rule 4(m) required the plaintiffs to serve ISC's registered agent with a summons and complaint within 120 days. Additionally, the amended order governing proceedings was in place prior to the filing of the amended complaint and also required the defendant to be served within 120 days. *See* FED. R. CIV. P. 4(c)(1) (the responsibility falls on the plaintiff who must serve the defendant in accordance with Rule 4(m)). Under Judge Clark's order, if the plaintiff required an extension, good cause was required to be shown by the plaintiff's *prior* to the expiration of 120 days following the correct identification of ISC in their amended complaint or face mandatory dismissal. However, under Rule 4(m), an extension may be warranted despite the existence of good cause or whether the plaintiff exceeded the time period to serve the defendant.

The procedural circumstances are similar in 1:13–CV–414, as discussed above, where the plaintiffs erroneously named "ISC Group, Inc." in their original pleading and only added ISC Constructors with their amended complaint. The plaintiffs also failed to serve ISC with a summons and copy of the amended pleading until almost six months after the original suit was filed and almost three months after the amended complaint was filed. In the interim, Judge Clark issued his order governing proceedings setting the 120 day deadline for service.

Likewise, in 1:12–CV–388, the plaintiffs incorrectly named ISC, incorrectly named its registered agent. As the defendant points out, it was only by virtue of the plaintiffs naming ISC Constructors in the plaintiff employee/defendant employer spreadsheet filed at the direction of Judge Clark solely for administrative purposes to aid the Clerk in the process of severing and opening new cases that ISC Constructors became a defendant in this suit, despite having never been correctly named in a pleading or served.

While the above-described sequence of events supports a dismissal, a closer examination is required to determine whether good cause exists for the plaintiffs' delays in properly effectuating service on ISC. If so, this Court must grant the an extension of time for service. Additionally, this Court may still be required to grant the plaintiffs an extension regardless of good cause because the statute of limitations may have, thus barring the plaintiffs from re-filing their suit against ISC.[5]

It is undisputed that the service of process did not occur in the *Armstrong* case until 14 months after the plaintiffs amended their original complaint naming ISC. A months-long delay also occurred in *Abrego*, 1:13–CV–414, and the plaintiffs still have not properly named or served ISC in the *Hamilton* case. The plaintiffs rely on the *McCarty* agreement between the parties in support of the staying of those proceedings, tolling the statute of limitations, and allowing for joinder of additional class members. Plaintiffs contend that this constituted good cause for the delay in service because similar issues of law and fact exist

---

**5.** The plaintiffs allege in their response that the last day of work for the *McCarty* plaintiff was March 1, 2011. The date the Motiva project began was October 2010. Assuming without deciding that these dates are correct, the two and three year statutes of limitation expired as early as October 2013, and as late as March 2014.

in this case. The plaintiffs' theory rests on the fact that the defendant was a party to both *McCarty* and the suits at issue herein, thus placing the defendant on notice that similarly situated plaintiffs would file similar FLSA claims that would be affected by the *Griffin* appeal. In response, the defendant argues that the stay order in *McCarty* only reserved the plaintiffs' rights to add additional class members in *that* case after the stay was lifted following the resolution of the *Griffin* appeal.

The undersigned finds that stay the order in *McCarty* was not good cause for such an extended delay. That order applied to the parties in that case only and there is no showing that it had the intent or effect of tolling the statute of limitations for future, unnamed plaintiffs in separate and subsequently-filed actions.

Plaintiffs' counsel knew that ISC. was a defendant in this case, had previously sued ISC in litigation that was pending, and presumably had the ability to contact the defendant during those proceedings, however, there is no evidence in the record from either party that the plaintiffs acted in prosecuting its suit against the defendant during the relevant time period. Granted, it cannot be said that ISC Constructors was wholly without notice of the repeated suits against it either, having already been tangled up in litigation based on the same type of claims. However, ISC's knowledge is not the standard when considering whether it was properly served or if good cause exists for the delay in service.

Under these facts, this Court also must conclude that excusable neglect does not support the delay. The plaintiffs correctly named the defendant in their later-filed amended complaints, engaged in discovery with other defendants in this case, and yet failed to seek an extension until after the defendant was served. *See Thrasher*, 709

F.3d at 512 (mistake of counsel, ignorance of rules or simple inadvertence will not suffice). In the *Hamilton* case, the plaintiffs never even named ISC Constructors correctly but rather were allowed to proceed on their claims against ISC by virtue of a clerical technicality in filing an unofficial spreadsheet naming ISC rather than filing a pleading as required under the Federal Rules of Civil Procedure. The undersigned finds the plaintiffs' argument that the *McCarty* agreement justifies a finding of good cause for failing to serve the defendant in this case lacks merit because the "instant cause is a new case and all defendants must be served." *Id.*

While this Court fails to find the existence of good cause, the plaintiffs may still be entitled to relief because the statute of limitations may have expired and dismissal would, in effect, be with prejudice. *See Millan*, 546 F.3d at 325–26 ("where the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice.") (internal citation omitted). As discussed above, in this circumstance, dismissal is the severest sanction possible, and the Court should only grant such a dismissal if (1) there is a clear record of delay or contumacious conduct and (2) lesser sanctions would not serve the best interests of justice. *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 76 (5th Cir.2011); *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008); *Brinkmann v. Abner*, 813 F.2d 744, 749 (5th Cir.1987). "[I]t is not a party's negligence regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is 'the *stubborn resistance to authority* ' which justifies a dismissal with prejudice." *McNeal v. Papasan*, 842 F.2d

787, 792 (5th Cir.1988) (emphasis in original). In addition, the Fifth Circuit generally affirms dismissals with prejudice only upon a finding of at least one of three aggravating factors: (1) the delay was caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, and (3) the delay was caused by intentional conduct. *See Coleman v. Sweetin,* 745 F.3d 756, 766 n. 9 (5th Cir. 2014) (quoting *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir.1986)).

The undersigned finds from the record that the plaintiffs' actions represent a clear record of delay marked by a significant and prolonged period of inactivity and little, if any, attempt to circumvent that delay by correcting the pleading and service issues. In 1:12–CV–228, there was no action taken by the plaintiffs for more than a year. Like the facts in *Millan,* the plaintiffs in two of the cases at issue here incorrectly named the defendant in their first complaint and added the correct defendant in an amended complaint. The plaintiffs in *Hamilton*—1:12–CV–388— never even named ISC correctly and have still failed to do so. The similarities between *Millan* and these cases end, however, at the incorrect pleading issue. In 1:12–CV–228, the plaintiffs here made no attempt to serve the incorrect defendant during the initial 120–day period, nor was there attempted service on the correct defendant within the 120–day period following the filing of the amended complaint. Additionally, despite the *Millan* plaintiffs' two failed attempts at service, the defendant in that case still received a summons only four days after the Rule 4(m) service period expired. Under the trial court's order, the *Millan* plaintiff not only timely served the defendant, but filed the return of service prior to the expiration of the date set by the trial court's order.

The same cannot be said of the plaintiffs here. More than four months passed after the plaintiffs filed their original complaint in 1:12–CV–228. Shortly after, Judge Clark issued an order requiring the plaintiffs to serve all defendants within 120 days or file a motion to extend time for service based on good cause before the expiration of that time. If neither of these requirements were met, the order then stated that the case shall be dismissed. Less than two months later, the plaintiffs amended their complaint to indicate the correct ISC entity—an action which required adherence to the Court's order. Another 14 months would pass with no activity between the parties until the defendant was finally served, a period of time that the undersigned finds to be "longer than just a few months ... characterized by significant periods of total inactivity." *Gray,* 634 F.2d at 226–227; *Thrasher,* 709 F.3d at 513.

This clear record of delay by itself will not justify a dismissal, however, absent some evidence of at least one of the aggravating factors as discussed above: that the plaintiff and not his attorney caused the delay, that the delay was caused by intentional conduct, or that the defendant was actually prejudiced by the failure to timely serve the defendant. *See Millan,* 546 F.3d at 326. There is no evidence here that the plaintiffs, as opposed to their attorneys, caused the delays in service. Nor does there appear to be any intentional conduct on the part of the parties to prevent or interfere with the service of process. While there is an indication of negligence and lack of diligence on the part of the plaintiffs' attorneys in perfecting their pleadings and effectuating service properly, this not rise to the necessary level of "contumacious conduct" to justify dismissal with prejudice. *See Lozano v. Bosdet,* 693 F.3d 485, 490 (5th Cir.

2012). Despite the defendant's arguments to the contrary regarding the plaintiffs' intentions, there is insufficient evidence in the record to suggest that the plaintiffs intentionally prevented or interfered with service or that the delay resulted from a "stubborn resistance to authority" or deliberate bad faith on the part of the plaintiffs or their attorneys. *See id.*

The closer call, however, is whether ISC has been unreasonably prejudiced by the continuous and repeated failure to timely perfect service of process. Both the plaintiffs and defendant acknowledge in their briefs that extensive discovery has taken place between the plaintiffs and other defendants in the related cases during this period of inactivity. The plaintiffs argues that this discovery will be made available to the defendant and reasonable actions have been taken to ensure their participation in discovery mitigating any prejudice. Defendant responds by contending that this argument is specious and that it will be significantly limited in conducting discovery at this stage in the litigation. In support, Defendant notes previous court orders limiting a defendant's ability to re-depose witnesses. *See Defendant's Replies.*

The Court agrees that the defendant has been limited and hindered and, consequently, prejudiced by the plaintiffs' failure to properly name it as a defendant and effectuate service of process in a timely manner. However, the undersigned is convinced that under the circumstances, the injustice to the defendant can be mitigated by corrective discovery orders and lesser sanctions which would serve to correct that prejudice. As for the severed claims in 1:12–CV–228 and 1:13–CV–414, the Court finds that the prejudice to the defendant can be mitigated by ordering the plaintiffs with claims in those cases to amend their pleading in this case and with

the entry of new scheduling and discovery orders, allowing ISC the opportunity to participate in discovery and reset the discovery (and deposition) time line anew. The Court also notes that although the severance orders may have complicated things in some regard by involving claims and documents from three other cases, severance and consolidation of the ISC plaintiffs does serve the purpose of streamlining the claims against ISC alone in one case, thus alleviating the difficulties presented by extensive discovery involving other defendants.

 The claims asserted in the *Hamilton* case, however, are a different story. As discussed at length above, the plaintiffs never actually named ISC Constructors in a pleading. Rather, their claims were severed and opened in this cause number based solely on a ministerial and administrative act of the Clerk who in turn relied on a spreadsheet compiled by plaintiffs' counsel which erroneously designated "ISC Constructors" as a defendant despite having never named ISC correctly in a pleading. To date, even after this clerical error has been pointed out, the plaintiffs with claims originally filed in *Hamilton* have never sought leave to amend to correct that deficiency. To allow those plaintiffs to proceed against ISC without ever properly naming it as a defendant in a pleading or having served it to date would give those plaintiffs a windfall and allow them to circumvent the Federal Rules of Civil Procedure based on a technicality. The prejudice to ISC in having to defend against multiple claims without there even being a pleading to answer cannot be cured sufficiently to allow those claims to proceed. The aggravating factor of prejudice to ISC in that case, combined with the clear record of delay in addressing the pleading and service deficiencies, leads this Court to conclude that no lesser sanction is

available which would adequately address the *Hamilton* plaintiffs' failure to properly plead and serve ISC other than dismissal without prejudice to refile.

### III. Conclusion and Recommendation

Accordingly, based upon the findings and legal reasoning stated above, the undersigned concludes and recommends as follows:

■ The defendant's *Motions to Dismiss and/or Quash* (doc. # 6 and doc. # 17)—originally filed in 1:12–CV–228 and 1:13–CV–414, respectively—should be **denied** at this time as to the defendant's request that the plaintiffs' claims at issue in those cases be dismissed with prejudice. The undersigned would further recommend that the plaintiffs originally asserting claims against defendant ISC Constructors in 1:12–CV–228 and 1:13–CV–414 be ordered to file an amended pleading within ten (10) days of the District Court's final order on the motions to dismiss addressed in this report. That amended pleading is necessary in light of the significant procedural changes which have occurred since the plaintiffs' last filed their complaint(s) in 1:12–CV–228 and 1:13–CV414. Upon review of the convoluted nature of the underlying procedural posture in the instant case, the undersigned finds that an amended pleading would best serve the Court in approaching and streamlining the *Abrego* and *Armstrong* plaintiffs' live claims against ISC in *this case* in the most efficient manner. An updated complaint would also aid the Court and the defendant in terms of docket management and preparing a defense by apprising the Court and ISC as to what

claims are being asserted which plaintiffs at this juncture in this cause number. Defendant ISC will then have an opportunity to address any deficiencies in the amended pleading with its response under Federal Rule of Civil Procedure 12. Should the District Court adopt this recommendation, the undersigned will also issue updated scheduling and discovery orders as necessary to allow ISC full access to discovery.[6]

The *Motion to Dismiss* (doc. # 20) filed in the instant case based on the severed claims of the plaintiffs originally listed in the *Hamilton* case, 1:12–CV–3 88, should be **granted**. Those plaintiffs' claims should be dismissed against ISC **without** prejudice, and those plaintiffs should be terminated from the docket in this case as they never filed a proper pleading against ISC despite having been put on ample notice of the pleading and service deficiencies. The plaintiffs severed out of the *Hamilton* case with claims against ISC to be dismissed are listed as follows, according to the plaintiffs' spreadsheet originally filed in 1:12–CV–388 (doc. # 13'–1 in that case):

Victoriano Alonso Jaramillo

Edgar Alberto Cavazos

Patrick Cleal Derry, Jr.

Kevin Allan Dicken,

Fernando Medina Galvan

Miguel Asiel Gonzalez, Jr.

Kevin Zuresh Gonzalez

Mario Omar Gutierrez

Shawn Allen Hamilton

Hector S. Hernandez

Shannon Lucas Howard

Barnie Howell, Jr.

Zachary Scott Hulet

---

**6.** In support, the undersigned notes that the Court has the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases.

*See Cranford v. Morgan Southern, Inc.*, 421 Fed.Appx. 354, 357 (5th Cir. April 5, 2011) (citing *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir.2005)).

Isaac Joseph Louis, Jr.

Jose Mario Martinez, Jr.

Michael Charles McGallion

Melesio Galvan Medina

Antonio Apolinar Morales, Jr.

Juan Gregorio Ortega

Kuong Minh Pham

Jesus Rodriguez

Jose Luis Rodriguez

Patrick Wade Stout

Sergio Quintanilla Vega

Martin Adrusbel Vela

## IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of service.

Failure to file specific, written objections to the proposed findings of fact, conclusions of law and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. An,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir.1996) (*en banc* ); 28 U.S.C. § 636(b)(1).

**SIGNED this the 10th day of September, 2014.**